UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

THOMAS KORB,

        Plaintiff,

v.

MAXMEDIA, INC.,

        Defendant.
_____/

CASE NO. 05-74154

HON. MARIANNE O. BATTANI

MAXMEDIA, INC.,

        Plaintiff,

v.

MAXMEDIA WORKS LIMITED and THOMAS KORB,

        Defendants.
_____/

CASE NO. 06-11221

HON. MARIANNE O. BATTANI

### ORDER GRANTING MOTION TO CONSOLIDATE

Before the Court is the parties' Joint Motion for Consolidation of Action filed in Case No. 06-11221. The Court finds oral argument will not aid in the resolution of this motion. See E. D. Mich. LR 7.1(2)(2). For the reasons that follow the Court **GRANTS** the motion.

### I. BACKGROUND

In Case No. 05-74154, filed on September 22, 2005, Thomas Korb alleges claims of fraudulent inducement of employment, intentional infliction of emotional distress, breach of employment contract, breach of the covenant of good faith and fair dealing, and conversion and conspiracy to convert. The matter was removed from Wayne County

Circuit Court and has proceeded in this Court since October 31, 2005.

On March 10, 2006, Case No. 06-11221, which was transferred from the United States District Court for the Northern District of Georgia, was assigned to the Honorable John Corbett O'Meara.  Thereafter, the parties filed their consent motion for consolidation of the two cases.  Because this Court has no authority to issue an order in a case assigned to another Judge, the Court issued an order striking the motion in Case No. 05-74154.

Case No. 06-11221 has been reassigned and the request for consolidation in that case remains pending.

**II. STANDARD**

FED. R. CIV. P. 42 provides:

**(a) Consolidation.**  When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all the matters in issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay.

**III. ANALYSIS**

Upon review of the pleadings, the Court agrees with the parties that these cases should be consolidated pursuant to Rule 42(a), which permits actions involving common questions of law or fact to be consolidated for the economy and convenience of the court and of the parties.  Courts generally have "taken the view that considerations of judicial economy favor consolidation." Johnson v. Celotex Corp., 899 F.2d 1281, 1285 (2d Cir. 1990).  Here, the Court, in its discretion, finds that the two cases involve common questions of law and fact and arise out of the same contract.  Each party alleges a breach by the other; each claims ownership of the same domain name.  Further, the same witnesses are

2

likely to be called, and consolidation will not unfairly delay progress in either case. Accordingly, these matters are hereby consolidated. See <u>Cantrell v. GAF Corp.</u>, 999 F.2d 1007, 1011 (6th Cir. 1991).

**IT IS SO ORDERED.**


                                              <u>s/Marianne O. Battani</u>
                                              MARIANNE O. BATTANI
                                              UNITED STATES DISTRICT JUDGE


Dated: <u>August 9, 2006</u>

**CERTIFICATE OF SERVICE**

A copy of this Order was mailed and/or electronically filed to Matthew J. Pulliam, Robert Johnson, and Delores Mayer on this date.

                                              <u>s/Bernadette M. Thebolt</u>

                                              Deputy Clerk