UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**THOMAS KORB,**

        **Plaintiff,**                CIVIL ACTION NO.  05-CV-74154-DT

 VS.                            DISTRICT JUDGE MARIANNE O. BATTANI

**MAXMEDIA TECH., INC.,**      MAGISTRATE JUDGE MONA K. MAJZOUB
et al.,
        **Defendants.**

**MAXMEDIA INC.,**

        **Plaintiff,**                CIVIL ACTION NO. 06-CV-11221-DT

 VS.                            DISTRICT JUDGE MARIANNE O. BATTANI

**MAX MEDIA WORKS, LTD.,**    MAGISTRATE JUDGE MONA K. MAJZOUB
et al.,

        **Defendants.**
_____/

**OPINION AND ORDER GRANTING IN PART AND DENYING IN PART KORB
AND MAXMEDIA WORKS, LTD.'S MOTION TO COMPEL RESPONSES OF
MAXMEDIA, INC. TO REQUESTS FOR PRODUCTION OF DOCUMENTS**

     This matter comes before the Court on Korb and Max Media Works Ltd.'s Motion to Compel Responses of Maxmedia, Inc. To Requests for Production of Documents filed on March 15, 2007. (Docket no. 78, No. 05-CV-74154; docket no. 35, No. 06-CV-11221).  MaxMedia, Tech., Inc. has responded to the motion.  (Docket no. 81).[1]  Korb and Max Media Works have filed a Reply brief. (Docket no. 82).  The parties also filed a Joint Statement of unresolved issues.  (Docket no. 84).  The Court held a hearing on April 23, 2007 during which counsel were given the opportunity to argue the

---

[1] Docket citations will be to case number 05-CV-74154 unless otherwise noted.

motion. The matter has been referred to the undersigned for decision pursuant to 28 U.S.C. § 636(b)(1)(A). (Docket no. 79). The matter is therefore ready for ruling.

*A.    Introduction and Facts*

These actions arise out of a failed business relationship. The claims alleged are for breach of contract and related causes of action. Plaintiff/Counter-Defendant Korb served his First Request for Production of Documents on May 8, 2006 which was directed to Defendant/Counter-Claimant Max Media Tech., Inc. On January 26, 2007, he served his Second Request for Production of Documents. Korb alleges that he has received incomplete or unacceptable responses to some of these requests.

*B.    Governing Law*

Rule 34(a), Fed. R. Civ. P., allows requests to produce documents "which are in the possession, custody or control of the party upon whom the request is served." In addition, Fed. R. Civ. P. 26(b)(5) requires that when a party withholds information otherwise discoverable under the Rules of Civil Procedure by claiming that the information is privileged, the party shall make the claim expressly and "shall describe the nature of the documents, communications, or things not produced or disclosed" in a manner that will enable other parties to assess the applicability of the privilege or protection.

*C.    Plaintiff's First Request for Production of Documents*

Plaintiff Korb alleges that the response to Request No. 7 is improper. This request seeks financial information, including tax returns, of Max Media, Inc. Plaintiff seeks a signed form from Defendant in order to obtain tax records directly from the IRS because it is unsatisfied with the documents that Defendant has produced. Defendant responds that it has produced all of the responsive documents in its possession, custody or control. Plaintiff offers no authority to compel Defendant to sign the tax form it seeks. Accordingly, Plaintiff's motion to compel as to this request will be denied.

*D.    Plaintiff's Second Request for Production of Documents*

Plaintiff Korb alleges that the response to Request No. 7 is improper. This request seeks sales records of Max Media Design for the past five years. Defendant identifies the documents it has produced and states that it has no more responsive documents. Therefore, Plaintiff's motion to compel as to this request will be denied.

Plaintiff Korb next alleges that the response to Request No. 8 is improper. This request seeks records of sales closed by Steve Nagle. Again, Defendant has identified the documents it produced pursuant to this request, and states that it has no other responsive documents. Accordingly, Plaintiff's motion will be denied as to this request.

Request numbers 13, 21, 22, and 23 may be grouped together. These requests ask for phone records of certain persons or entities. Defendant has responded by stating that it has no responsive, non-privileged documents. However, it is not clear whether Defendant is withholding documents on which it is asserting a privilege. Therefore, Plaintiff's motion will be granted as to these requests to the extent that Defendant is ordered to supplement its response to these requests clearly stating whether it is withholding documents pursuant to a privilege, as is required by Fed. R. Civ. P. 26(b)(5).

Plaintiff's Request No. 18 seeks copies of all RFQ's from General Motors for the past 5 years. The Court finds that Defendant responded to this request too literally. Defendant will therefore be ordered to supplement its response by producing the RFQ's from GM in its possession, custody or control for the past 5 years.

Finally, Plaintiff's Request No. 19 seeks copies of all checks received from General Motors. Again, it is not clear from Defendant's response whether it is asserting a privilege on some responsive documents. Therefore, Plaintiff's motion will be granted to the extent that Defendant is ordered to supplement its response by clearly stating whether it is withholding any documents responsive to this request on the ground of any privilege, as Fed. R. Civ. P. 26(b)(5) requires.

**IT IS THEREFORE ORDERED** that Korb and MaxMedia Works, Ltd.'s Motion to Compel (docket no. 78, No. 05-CV-74154; docket no. 35, No. 06-CV-11221) is **GRANTED IN PART AND DENIED IN PART**.

**IT IS FURTHER ORDERED** that, as to Plaintiff's Second Request for the Production of Documents, Defendant/Counter-Claimant MaxMedia Tech., Inc. supplement its responses as set out above to Request Nos. 13, 21, 22, 23, 18, and 19 on or before 5:00 p.m. on May 1, 2007.

### NOTICE TO THE PARTIES

Pursuant to Fed. R. Civ. P. 72(a), the parties have a period of ten days from the date of this Order within which to file any written appeal to the District Judge as may be permissible under 28 U.S.C. 636(b)(1).

Dated: April 23, 2007                              s/ Mona K. Majzoub
                                                    MONA K. MAJZOUB
                                                    UNITED STATES MAGISTRATE JUDGE

### PROOF OF SERVICE

I hereby certify that a copy of this Order was served upon Counsel of Record on this date.

Dated: April 23, 2007                              s/ Lisa C. Bartlett
                                                    Courtroom Deputy